# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ELECTRA E. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-00078-CV-W-SRB |
| | ) | |
| GEICO CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. #7). For the following reasons the motion is granted. The case is remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

### I. BACKGROUND

Plaintiff Electra Jackson ("Plaintiff") filed this action in the Circuit Court of Jackson County, Missouri, against Defendant GEICO Casualty Company ("Defendant") alleging breach of contract, vexatious refusal, and negligence. In her Petition, Plaintiff seeks damages for breach of contract "in an amount in excess of $15,000." (Doc. #1-1, ¶ 13). Plaintiff seeks "Vexatious Refusal damages specified in Missouri Revised Statutes Section 375.420 including attorney's fees." (Doc. #1-1, ¶18). Plaintiff also seeks "actual damages, punitive damages, and attorney's fees" for her negligence claim. (Doc. #1-1, ¶ 25). Defendant subsequently filed a Notice of Removal to this Court on the basis of diversity of citizenship. Plaintiff then filed this Motion for Remand for lack of subject matter jurisdiction, arguing the amount in controversy does not exceed $75,000. Plaintiff also seeks an award of attorney's fees.

## II. LEGAL STANDARD

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a). "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves 'by the preponderance of the evidence[] that the amount-in-controversy exceeds [$75,000].'" *Pleasant v. Noble Fin. Corp.*, 54 F.Supp.3d 1071, 1076 (W.D. Mo. Oct. 10, 2014) (quoting § 1446(c)(2)). "[T]he question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages exceed that amount." *Walz v. FedEx Office & Print Servs., Inc.*, No. 2:12–CV–04188–NKL, 2012 WL 5386058, at *1 (W.D. Mo. Nov. 2, 2012) (citing *Bell v. Hershey*, 557 F.3d 953, 959 (8th Cir. 2009)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012).

## III. DISCUSSION

Both parties agree there is complete diversity of the parties in this case. Plaintiff argues, however, that the amount in controversy requirement is not satisfied because she filed the case in the Associate Circuit Court of Jackson County, Missouri, "which has a jurisdictional maximum of $25,000." (Doc. #8, pp. 2–3) (citing Mo. Rev. Stat. § 517.011.1). Therefore, Plaintiff contends, it is impossible that the amount in controversy will exceed $75,000. Citing *B.C. Nat'l Banks v. Potts*, 30 S.W.3d 220, 222 (Mo. Ct. App. 2000), Defendant argues that the monetary jurisdictional limit for Associate Circuit Court cases has been repealed and that, "although

Section 517.011 . . . does create procedures applicable to civil cases in which the sum demanded does not exceed $25,000, Plaintiff's Petition fails to specify that her prayer does not exceed $25,000." (Doc. #13. pp. 1–2). Defendant argues that "Plaintiff could be awarded (1) a minimum of $15,000 on her breach of contract claim; (2) $1,650 for statutory penalties on her vexatious refusal to pay claim; (3) statutory attorney's fees in excess of $20,000; and (4) $45,000 on her negligence claim," plus $25,000 in punitive damages, totaling $106,650 in damages. (Doc. #13, pp. 3–6).

While Defendant correctly states that a monetary jurisdictional limit for Associate Circuit Courts is no longer in place and that Plaintiff did not demand a specific sum, Plaintiff subsequently stipulated that she does not seek damages in excess of $75,000, including attorney's fees and punitive damages. (Doc. #16). Accordingly, because the amount in controversy in this case does not exceed $75,000, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship. The case shall be remanded.

Further, Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1441(c) is denied. Plaintiff's request for attorney's fees is predicated on her incorrect belief that the Associate Circuit Court is limited to hearing cases in which the maximum amount in controversy is $25,000, which led Plaintiff to argue there was "no objective reason why Defendant[] could have believed that the amount in controversy exceeded [$75,000]." (Doc. #8, p. 7). Similarly, Plaintiff's argument that Defendant cannot remove a case before "hearings, conferences, admissions . . . and the required certification from the presiding judge that the case will exceed the associate court threshold" is without merit, and the authority cited by Plaintiff supports no such contention. (Doc. #15, p. 3) (citing *Covent Corp. v. City of North Little Rock Arkansas*, 784 F.3d 479 (8th Cir. 2015)). Because Defendant had "an objectively reasonable basis" for removal

3

based on Plaintiff's claims and prayers for relief, Plaintiff's request for attorney's fees is denied. *See Covent Corp.*, 784 F.3d at 483 ("[W]hen an objectively reasonable basis exists [for seeking removal], fees should be denied.") (internal quotation marks and citations omitted); *Walz*, 2012 WL 5386058, at *1 ("[T]he question is not whether the damages *will* exceed the jurisdictional amount, but whether a fact finder *might* legally find that the damages exceed that amount.") (emphasis added) (citing *Bell*, 557 F.3d at 959); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (recoverable punitive damages and statutory attorney's fees are included in the jurisdictional amount calculation).

As this Court does not have subject matter jurisdiction over this case, this Court will not address the issues raised in the pending Motion to Dismiss or, in the Alternative, to Quash for Insufficient Service of Process (Doc. #5).

### IV. CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Doc. #7) is granted. The case is remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

DATE: March 21, 2019